* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is August 30, 2004.
2. On August 30, 2004, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
3. On the date of injury an employer-employee relationship existed between plaintiff and defendant.
4. On the date of injury defendant employed three or more employees.
5. Defendant is insured by American Home Assurance.
6. Plaintiff's average weekly wage is $450.00.
7. Plaintiff sustained a compensable accident on August 30, 2004.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has a 9th grade education and does not speak English. Plaintiff's work history involves physical, relatively unskilled labor. Prior to working for defendant, he was a dishwasher, did carpentry, and built beds in a factory as a temporary worker.
2. On August 30, 2004 while working as a panel assistant for defendant, plaintiff was injured as he was assisting a crane to guide a heavy concrete panel into place, when the panel turned suddenly into him. Plaintiff immediately felt a sharp pain in his back and waist.
3. On the day of injury, plaintiff told his supervisor about the accident and the resulting injury. Plaintiff's supervisor did not send plaintiff to see a doctor, and plaintiff continued to work in pain with reduced capacity. Plaintiff was fired from his position approximately one week later, because he was not able to perform his job effectively. It is unclear why plaintiff's supervisor did not send plaintiff to see a doctor.
4. After plaintiff's termination, on approximately September 6, 2004, plaintiff was without income and had no health insurance to see a doctor on his own. He attempted to treat *Page 3 
himself with bed rest and Tylenol until October 11, 2004 when plaintiff went to Forsyth Medical Center Emergency Room.
5. At the hospital, plaintiff stated that he had injured himself pushing a panel at work on August 30, 2004. Plaintiff also told the admitting nurse that he had a back injury with back pain, which was still present and was radiating into his right buttocks and thigh.
6. At Forsyth Hospital, plaintiff was given Vicodin, Naproxen, and Flexeril. He was also given a note to limit lifting, to perform no strenuous activity, and not to work for seven days. If he was not better, plaintiff was instructed to see Dr. Richard O'Keefe, an Orthopaedic Surgeon.
7. Plaintiff did not have the resources to seek medical treatment again until defendant paid for some medical care in March and April of 2005. These medical appointments were discontinued for an unknown reason.
8. In December 2005, plaintiff began treating with Dr. Rowan of Guilford Orthopaedic and Sports Medicine Center as directed by the defendant.
9. During the initial visit, Dr. Rowan documented that through an interpreter, plaintiff gave a history indicating that on August 30, 2004, plaintiff was working at a building site and was helping to support a wall or other structure when he felt a sharp sudden pain in his lower back. Plaintiff's history also shows that plaintiff's pain is intermittent, moderate, and unchanged since it began.
10. On February 2, 2006, Dr. Rowan referred plaintiff for an unenhanced lumbar MRI, which showed a moderate to large size broad-based central and right paracentral disc protrusion at L5-S1, narrowing on the right side of the spinal canal, the right lateral recess, and *Page 4 
impinging on the right S1 nerve root. Dr. Rowan concurred with the finding of an L5-S1 herniation, and continues to treat plaintiff for this condition, currently.
11. Plaintiff has not reached maximum medical improvement and is still receiving ongoing treatment with Dr. Rowan. Dr. Rowan has not determined at this time whether the plaintiff will require any surgery.
12. Since plaintiff's injury and termination by defendant, plaintiff has also attempted, without success, to return to work in similar physical activities to the work that he did pre-injury.
13. In November 2004, through a temporary agency, plaintiff worked for three weeks in packaging. This job was lighter than plaintiff's previous work, but the position was only temporary and ended after three weeks. Since that time, plaintiff has not been able to secure a similar job. In this position, plaintiff worked approximately fifty (50) hours a week for three weeks at $8.00 an hour.
14. In April 2005, plaintiff held a second job as an electrician's assistant. During this period, plaintiff worked approximately 40 hours, earning $7.50 an hour. This position was given to plaintiff by a friend, but he had to discontinue working, because the work was too difficult to maintain with his back condition.
15. At one point during the spring of 2005, plaintiff attempted to return to work doing construction. After three hours of work, plaintiff was instructed to move heavy plywood, and he had to quit this position as well, because of carrying limitations caused by his injury.
16. Since plaintiff began treating with Dr. Rowan in December 2005, he has been given consistent work restrictions. Despite plaintiff's unemployed state, Dr. Rowan took him out of work in December 2005, pending an MRI. After the MRI was performed on February 17, *Page 5 
2006, plaintiff was given a restriction of seated work with no squatting, no stooping, no lifting greater than five pounds, and no standing.
17. Plaintiff's treating physician, Dr. Rowan, stated that had plaintiff gone to him initially, with the same symptoms and injuries, he would have placed plaintiff on light duty from the first visit.
18. Plaintiff has attempted since his injury to find gainful employment, but has been unable to do so on any consistent basis because of his limitations due to his work related injury.
19. Plaintiff's prior work history is entirely in jobs requiring heavy lifting. He is unable to speak English, and he has a 9th
grade education. Thus, it was reasonable for him to believe that he is only suited for physical professions, which he is presently unable to obtain.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident on August 30, 2004. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's compensable injury by accident of August 30, 2004, plaintiff injured his back, has not reached maximum medical improvement, and remains temporarily totally disabled. N.C. Gen. Stat. § 97-29.
3. Defendants are responsible for paying for plaintiff's medical treatment as a result of his compensable injury for so long as said treatment provides relief, effects a cure, or tends to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * * *Page 6 
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants are to pay Temporary Total Disability benefits of $300.00 per week to plaintiff from September 6, 2004 and continuing until plaintiff returns to work or until further order of the Industrial Commission. Defendants shall receive a credit for the wages plaintiff earned during his temporary employment in 2004 and 2005 as described above in Findings of Fact 13 and 14. Subject to an attorney fee approved below, that amount which has accrued shall be paid to plaintiff in a lump sum.
2. An attorney fee of 25% of the compensation awarded to plaintiff is hereby approved for plaintiff's attorney. Defendants shall send every fourth payment of compensation to plaintiff's attorney. Of the amount that has accrued, defendants shall deduct 25% and send it directly to plaintiff's counsel.
3. Defendants shall continue to pay for plaintiff's medical treatment as a result of his injury by accident on August 30, 2004 for so long as said treatment effects a cure, gives relief, or tends to lessen plaintiff's period of disability.
4. As plaintiff has not reached maximum medical improvement, any issue of Permanent Partial Disability is pre-mature at this time.
5. Defendants shall pay the costs.
This the 16th day of March, 2007.
S/_______________
BUCK LATTIMORE
CHAIRMAN
CONCURRING:
S/______________
PAMELA T. YOUNG
COMMISSIONER
S/___________________
BERNADINE S. BALLANCE
 COMMISSIONER *Page 1